UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALFONSO AMELIO,

        Plaintiff,

v.                                    Case No:  8:25-cv-03508-JLB-SPF

JEANNE OMLOR,

        Defendant.

_____/

## <u>ORDER</u>

Plaintiff's Emergency Motion to Vacate Sua Sponte Remand Order (Doc. 13), Motion for Recusal under 28 U.S.C. 455(a) (Doc. 14), and Emergency Motion for Stay of Remand Order Pending Appeal (Doc. 17) are **DENIED** as moot.  Because Plaintiff is proceeding *pro se,* the Court construes his various motions liberally.

As this case has already been remanded to the state court, the Court lacks jurisdiction to rule on Plaintiff's motion to vacate (Doc. 13), and it cannot issue a stay pending appeal.  *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."); *Harris v. Blue Cross/Blue Shield of Al., Inc.*, 951 F.2d 325, 330 (11th Cir. 1992) ("Unquestionably, § 1447(d) . . . bars reconsideration . . . by the district court of its own remand order.") (citation omitted & cleaned up).  Plaintiff's Motion for Recusal under 28 U.S.C. 455(a) (Doc. 14) is similarly denied because Plaintiff's mere observation that the undersigned once served on the state appellate court that is

currently handling Plaintiff's state-court appeal does not raise a reasonable question regarding impartiality. *See United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003).

**ORDERED** in Tampa, Florida, on March 30, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE